IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | CRIMINAL NO. 08-00254-CG-N-1 |
| ) | |
| DEWAYNE BRADLEY, ) | |
| ) | |
| Defendant. ) | |

REPORT AND RECOMMENDATION

On April 2, 2010, the defendant, Dewayne Bradley, filed a second handwritten request (doc. 31)[1] for an extension of time within which to file a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. On May 17, 2010, Bradley filed a typewritten request (doc. 32) which is virtually identical to the request filed April 2, 2010. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b). Upon consideration of defendant's requests and all pertinent portions of the record, the undersigned recommends that the request for an extension of time in which to file a habeas petition pursuant to 28 U.S.C. § 2255 be **DENIED.**

---

[1] Bradley's first motion (doc. 29) was endorsed denied by District Judge Granade on March 10, 2010 (doc. 30). The endorsement stated as follows:

> ENDORSED ORDER denying 29 Motion for Extension of Time to File 2255 Petition as to Dewayne Bradley. Federal courts have no authority to extend the one-year limitation period where no § 2255 petition has been filed, or to treat a motion for extension of time as a substantive motion for relief under 28 U.S.C. § 2255 where the motion does not contain allegations sufficient to support a claim under § 2255. See Green v. United States, 260 F.3d 78, 83 (2nd Cir.2001); United States v. Leon, 203 F.3d 162, 164 (2nd Cir.2000).

Background.

"On Monday, September 15, 2008, [Bradley] appeared with retained counsel, Donald A. Friedlander, Esquire, and entered a plea of guilty to Count 1 of the Indictment, charging the offense of possession with intent to distribute cocaine in violation of Title 21, U.S.C. § 841(a)(1)." (Doc. 20: Order on Guilty Plea). A Plea Agreement and Factual Resume, signed by the defendant, was filed on September 12, 2008, and stated that "[t]he parties do not agree on the drug amount for which the defendant is accountable, and agree to allow the Court to make that determination by a preponderance of the evidence at the time of the sentencing." (Docs. 19 and 19.1: Plea Agreement and Factual Resume). Bradley was sentenced on December 16, 2008, to a term of imprisonment of 87 months followed by a four year term of supervised release.[2] (Doc. 25: Judgment dated December 17, 2008). Following the sentencing hearing on December 16, 2008, Bradley signed a Notice of Non Appeal (doc. 24) in which he declared:

> I have been advised by the Court and by my attorney of my right to appeal my conviction and sentence. I have consulted with my attorney, who has explained the advantages and disadvantages of taking an appeal. I have had sufficient time to consider my options and require no further explanations. After consideration, it is my desire to inform the Court that I do not wish to take an appeal.

(Doc. 24: Notice of Non Appeal).

---

[2] At the commencement of the sentencing hearing, the Court noted the correction made by Bradley's counsel to the presentence investigation report ("PSR") indicating that he was *retained* and not *appointed* counsel for the defendant. (Doc. 27 at 3). The only other objection asserted by Bradley's counsel regarding the PSR was to the Government's position that Bradley "wasn't entitled to the safety valve." (*Id*. at 3-4) After hearing oral argument on this point, the District Judge concluded that "the safety valve does not apply." (*Id*. at 5).

Bradley's first request (doc. 29) for an extension of time to file a § 2255 motion was filed on February 24, 2010 and merely sought an extension on the grounds, in sum, that he missed the one year statute of limitations because "I have been 'in transit' and in 'the hole'." This first request was denied (doc. 30) because it did not contain allegations sufficient to support a claim under § 2255. *See* Green v. United States, 260 F.3d 78, 83 (2nd Cir.2001); United States v. Leon, 203 F.3d 162, 164 (2nd Cir.2000). In the present motions (docs. 31 and 32), Bradley sets forth three specific claims he wishes to raise in a § 2255 motion:

1. Drug amount erroneously listed in PSR and pursuant to Rule 32, all PSR disputes are to be settled before sentencing. My attorney was deficient for failing to contest/correct the PSR. This resulted in a longer prison term.

2. My attorney also was "ineffective" for advising me "erroneously" that I could not appeal my sentence. (After sentencing)

3. My attorney's conduct was improper due to me and my family paying him $10,000, though he was appointed and paid by the court also.

(Doc. 31 at 2; Doc. 32 at 1-2). Bradley further maintains that his failure to timely file his §2255 motion is "due to 'excusable neglect' (being in transit for 4+ months), my legal property packed, and circumstances beyond my control." Bradley then asks the Court for "a 60 day extension of time from the date of this letter" in order to "brief these issues." (*Id*. at 1-2).

Discussion.

Bradley acknowledged in his first request for an extension of time that he had

"missed my one year statue [sic] (within days) of filing my 2255."[3] (Doc. 29). There is no dispute that Bradley's conviction became final more than a year before he filed his first request for an extension of time on February 24, 2010. In all three requests (docs. 29, 31 and 32), Bradley seeks an extension of time on the grounds that he was unable to file a § 2255 motion because he has been "in transit for 4+ months" with his "legal property packed." To the extent Bradley is alleging that he is entitled to equitable tolling of any period of time since his conviction,[4] this Court is without jurisdiction to consider such a claim because Bradley *has not yet filed* a § 2255 motion with this court. *See* United States v. Leon, 203 F.3d 162, 164 (2nd Cir. 2000)(held that the Court lacked jurisdiction to consider the timeliness issue when defendant had not yet filed an actual § 2255 motion).

Bradley was advised that his first request for an extension of time did not contain

---

[3] Bradley thus acknowledges that the Anti-Terrorism and Effective Death Penalty Act of 1996, § 101 (Supp. II 1997) ("AEDPA"), which became effective on April 24, 1996, provides that a petitioner has one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" to file a federal habeas corpus petition. 28 U.S.C. § 2244(d)(1)(A).

[4] Generally, the application of equitable tolling to the AEDPA one-year limitation period requires a litigant to establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008), *quoting* Lawrence v. Florida, 549 U.S. 327, 336 (2007). *See also*, Bannister v. United States, 2009 WL 4894500, * (S.D.Fla. Dec. 18, 2009)("Bare allegations of failing to have any legal materials is not sufficient, standing alone, to entitle a petitioner to equitable tolling.."), *citing* United States v. Martinez, 303 Fed. App. 590, 596 (10th Cir.2008)(refused equitable tolling because petitioner "has not provided this Court with specific details regarding what restrictions actually were placed on his access to legal materials or how such restrictions hindered his ability to file his § 2255 motion" in a timely manner).

allegations sufficient to support a claim under § 2255 and thus had to be denied. This result was mandated by the principle that, until such allegations sufficient to support a claim under § 2255 are present, the requisite "case and controversy" does not exist to vest this Court with jurisdiction to hear the claim. As it was made clear in Leon, *supra*:

> Under Article III of the Constitution, the judicial power of the federal courts is limited to "cases" or "controversies." See, e.g., Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 239, 57 S.Ct. 461, 81 L.Ed. 617 (1937). Thus, the exercise of federal jurisdiction under the Constitution "depends on the existence of a case or controversy, and a federal court lacks the power to render advisory opinions." United States Nat'l Bank v. Independent Ins. Agents of Am., Inc., 508 U.S. 439, 446, 113 S.Ct. 2173, 124 L.Ed.2d 402 (1993)

203 F.3d at 164. Bradley, like Leon, has not yet filed an actual § 2255 motion. Consequently, "there is no case or controversy to be heard, and any opinion [this Court] were to render on the timeliness issue would be merely advisory." *Id*.

However, it is possible, under some limited circumstances, for a request for an extension of time within which to file a § 2255 motion be considered the equivalent of an actual § 2255 motion. *See e. g.,* Green v. United States, 260 F.3d 78 (2nd Cir. 2001). In Green, the court applied the general rule that "*pro se* litigants are entitled to a liberal construction of their pleadings" and held that:

> Where a motion, nominally seeking an extension of time, contains allegations sufficient to support a claim under section 2255, a district court is empowered . . . to treat that motion as a substantive motion for relief under section 2255.

260 F.3d at 83. The Green court elaborated on the allegations required to convert a motion to extend time into a substantive § 2255 motion as follows:

> A motion under section 2255 must "specify all the grounds for relief which are available to the movant and of which he has or, by the exercise of reasonable diligence, should have knowledge and shall set forth in summary form the facts supporting each of the grounds thus specified."

Id. at 84, *citing*, *inter alia*, Rules Governing Section 2255 Proceedings, Rule 2(b). In addition, "to meet the requirements of section 2255," the allegations must be "more than '[a]iry generalities, conclusory assertions and hearsay statements'." Id., *quoting* United States v. Aiello, 814 F.2d 109, 113 (2nd Cir. 1987). Based on these principles, the Green court concluded that, "because Green had not articulated any basis in fact or in law for relief under section 2255, the district court did not err by failing to treat his motion to extend time as a substantive section 2255 motion." Id. *See* Barnett v. United States, 870 F.Supp. 1197, 1201 (S.D.N.Y.1994) ("Although district courts employ substantial leniency in interpreting motion papers that pro se petitioners submit, it is simply impossible for this Court to determine whether petitioner has made out a case for relief on these six claims because petitioner has failed to state both the grounds on which relief is requested and any facts that would substantiate these grounds."). As applied to the case at bar, Bradley has similarly asserted in his second and third requests for an extension of time (docs. 31 and 32) nothing more than conclusory allegations to which he has failed to articulate a sufficient basis in fact of in law for relief under § 2255.[5]

---

[5]Applicable as well to Bradley's proposed § 2255 motion is the requirement to show cause and prejudice for his failure to raise his claims on direct appeal. *See e.g.*,United States v. Willis, 273 F.3d 592, 595 (5th Cir. 2001), *citing*, United States v. Frady, 456 U.S. 152, 167-68 (1982); and United States v. Kallestad, 236 F.3d 225, 227 (5th Cir.2000) ("A section 2255 movant who fails to raise a constitutional or jurisdictional issue on direct appeal waives the issue

6

## CONCLUSION

For the reasons stated above, it is recommended that Bradley's second and third requests for an extension of time to file a § 2255 motion (docs. 31,32) be **DENIED**.

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the undersigned Magistrate Judge.

**Done** this 20th day of May, 2010.

>   /s/ Katherine P. Nelson
>   **KATHERINE P. NELSON**
>   **UNITED STATES MAGISTRATE JUDGE**

---

for a collateral attack on his conviction, unless there is cause for the default and prejudice as a result."). However, as was true with respect to equitable tolling, absent the filing of an actual § 2255 motion, this Court lacks jurisdiction to address any allegation of cause and prejudice for Bradley's procedural default in this case.

# RECOMMENDATION
## AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(c); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within **[fourteen]** days[6] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

**Done** this __20th__ day of May, 2010.

/s/ Katherine P. Nelson
**UNITED STATES MAGISTRATE JUDGE**

---

[6]Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).

8